## HINES v. GUNNELLS.

### Opinion delivered May 24, 1920.

RAILROADS—AUTOMOBILE ACCIDENT—QUESTION FOR JURY.—In an action for damages to an automobile struck by a train, evidence that the accident occurred at a short curve, that other tracks were blocked with cars, that plaintiff slowed down his car and looked and listened, that the locomotive engine was not working steam, but rolled into the station under its own momentum, and that no whistle was blown nor bell rung, *held* to make a case for the jury.

Appeal from Polk Circuit Court; *George R. Haynie,* Judge; affirmed.

*Daniel Upthegrove, J. R. Turney* and *Gaughan & Sifford,* for appellant.

1. A verdict for defendant should have been instructed for defendant on its plea of contributory negligence. 136 Ark. 249; 137 *Id.* 13. It is the duty of every traveler approaching a railroad crossing to *look and listen* for trains, and, if necessary, he must stop. 83 Ark. 62 and cases *supra.* It was error to give plaintiff's instruction No. 5. 78 Ark. 55.

2. There was no negligence on the part of defendant. The verdict in this case does not establish negligence of the company, nor determine that plaintiffs were not guilty of contributory negligence, and the evidence is entirely in favor of the defendant.

*McKay & Smith,* for appellees.

It would not have been proper under the evidence to instruct a verdict for defendant, as a case was made for the jury. The facts here are very similar to those in 97 Ark. 405. The questions of negligence and contributory negligence were properly submitted to the jury, and there was no error in the instructions. 122 Ark. 611; 101 *Id.* 315, 424; 104 *Id.* 38; 142 S. W. 499, 527; 148 *Id.* 278.

SMITH, J. Separate suits were filed against the appellant railroad company by appellees J. F. Gunnells and P. N. Bustion. The complaints were identical, each one claiming a separate personal injury, and, in addition, Gunnells claimed damages to his automobile on account of a collision between the auto in which they were riding and a locomotive on the line of appellant's railroad. The jury returned the following verdict: "We, the jury, find for the plaintiff J. F. Gunnells and assess his damages sustained to his automobile in the sum of $134; and as to the other issues we find for the defendant."

This verdict conclusively shows that the jury found nothing on account of personal injury for either plain-

tiff, although the testimony shows that each sustained a slight injury, for which compensation might have been allowed. Judgment was pronounced upon this verdict, and the railroad company has appealed.

The instructions requested by the railroad company would, if given, have directed a verdict in its favor, as they in effect told the jury it was the duty of the occupants of the car to have stopped the car before driving over the tracks. The court refused instructions to that effect and, over appellant's objection, gave an instruction numbered 5 reading as follows:

"You are instructed that the plaintiff, in attempting to pass over defendant's track at the crossing, is only required to do what a man of ordinary care would do under similar circumstances to avoid any probable or possible danger from a passing train, and, if need be, stop as well as look and listen. If you find from the evidence in this case that the plaintiff in approaching the track at the crossing slowed up his automobile, looked and listened and did not hear the approaching train and did not hear any whistle blowing and any bell ringing, and that he could not see the approach of the train on account of the obstruction between him and the train, and you further find that this was all that a man of ordinary care would do under similar circumstances, then it will be your duty to find that the plaintiff is not guilty of contributory negligence, notwithstanding you find that the plaintiff did not bring his automobile to a full stop."

The testimony developed the following facts: The main line of the railroad runs east and west through the town of McNeil, and a number of tracks are situated south of the main track. There is a sharp curve in the main track to the north on the west side of the town at about the point where the whistle is usually blown for the station. On the morning the accident occurred all the tracks south of the main track were blocked with cars for some distance west of the crossing. Appellees were going north, and when they reached the crossing,

which is of considerable width on account of the number of tracks, they slowed down the car, put it in low gear, and looked and listened and continued to look and listen for a train and, not hearing one, drove on over the crossing without seeing the engine until they were within about five or six feet of it and too close to avoid the collision. The engineer admitted that the engine was not working steam but that the train rolled into the station under its own momentum; and according to the testimony offered on appellee's behalf the whistle was not blown nor was the bell rung. The failure to blow the whistle or ring the bell constituted the negligence complained of, and the jury's verdict has resolved in appellee's favor the conflict in the testimony on that question.

We think the testimony recited made a case for the jury. In other words, we are unable to say as a matter of law that appellees should have stopped their car before crossing the tracks. Indeed, appellees insist that if they had stopped the car they could not have seen the train or its smoke, as very little smoke was escaping, and that it was making no noise which they could have heard, and that if they had stopped the car and had gotten out and walked up to the main track and looked in both directions, the train could have reached the crossing in the time it would have taken them to have gone back to the car and made it to the main track. Of course, one of the occupants of the car might have flagged it across the tracks; but the jury had the right to say whether due care on appellees' part imposed that duty. Appellee owned the car and was driving it. The instructions set out above told the jury that it was appellees' duty to do what men of ordinary care would have done under the circumstances; and we can not say their conduct fell below that standard.

In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Stacks*, 97 Ark. 410, substantially the same contention was made as is presented here, and it was there said:

"The evidence for appellee shows that neither the whistle was sounded nor the bell rung for the crossing; and while the omission of the engineer to give these statutory signals did not relieve appellee of the duty of looking and listening for the approach of trains, yet they are warnings which he had a right to rely on in determining whether a train was drawing near. According to appellee's own testimony, his view of an approaching train from the east was obstructed by box cars, both on the south and middle tracks. In such case, while the traveler must not relax his endeavor to see approaching trains, yet necessarily he relies to a great degree upon his sense of hearing to discover the approach of a train, and in doing this he listens not only for the noise made by the running of the train but for the signals which the engineer is required to give by ringing the bell or sounding the whistle for the crossing. Appellees' testimony tends to show that he was in possession of all his faculties and continually exercised them during his passage over the crossing. The testimony adduced by him shows that the headlight was dim, and on that account its rays did not warn him. It is admitted that the steam had been shut off, and that the train was drifting or gliding in, and on this account the jury might have inferred that the train came in with little noise, and no smoke escaping to give warning of its approach; that it had rounded the curve before appellee came upon the crossing, and that for this reason he could not see it on account of the box cars obstructing his view. If he could have seen it after it passed the curve, the jury might have found that it would have done no good for him to have stopped his wagon between the south and middle tracks to have tried to look between the box cars on those tracks."

The doctrine of that case was reiterated in the recent case of *Billingsley* v. *St. L. & S. F. R. Co.,* 136 Ark. 1.

No error appearing, the judgment is affirmed.